# Court of Appeals
## Tenth Appellate District of Texas

### 10-26-00220-CR

In re William Thompson

### Original Proceeding

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

William Thompson, elected District Attorney of Navarro County and Relator in this proceeding, filed a petition for writ of mandamus seeking this Court to compel the Honorable Judge James Lagomarsino, Respondent, to withdraw his order disqualifying Relator from representing the State of Texas in a pending criminal proceeding, *The State of Texas vs. Edward R. Monk*, trial court cause number D43,406-CR. We deny Relator's petition for writ of mandamus and motion for temporary relief.

RELEVANT BACKGROUND

A Navarro County grand jury indicted Edward Monk for multiple felony offenses, including theft greater than $300,000 from a non-profit corporation for allegedly misappropriating funds from the church where he was the priest.

The church apparently initiated internal proceedings to determine whether Monk should be removed, which involved a "church trial."[1] Relator appeared at the "church trial" and, having been sworn as a witness, described the investigative process underlying the criminal charges. He also explained that before seeking indictment, he subpoenaed many bank records. Relator detailed his review of some of those records and provided his opinions as to where Monk was moving the church's money.

Monk subsequently filed a motion to disqualify Relator. Respondent apparently held a hearing on the motion and granted Monk's request for disqualification. Relator filed this petition for writ of mandamus along with a motion for a temporary stay, to which Monk filed a response.

ANALYSIS

To be entitled to a writ of mandamus, the relator must demonstrate that (1) he has no adequate remedy at law, and (2) he has a clear and indisputable right to the relief sought. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). Here, all parties agree that Relator has no adequate remedy at law, as the State cannot appeal a disqualification order. *See* TEX. CODE CRIM PROC. ANN. art. 44.01.

---

[1] Both parties utilize this terminology in referring to the relevant proceeding.

As to the second prong, trial courts have limited authority to disqualify district attorneys. *See id.* art. 2A.105.[2] Outside of the statutory disqualification parameters, trial courts may also disqualify a prosecutor when a conflict rises to the level of a due process violation. *State ex. rel. Hill v. Pirtle*, 887 S.W.2d 921, 927 (Tex. Crim. App. 1974). A due process violation occurs only when the defendant can establish "actual prejudice," not just the threat of possible prejudice to his rights. *Landers v. State*, 256 S.W.3d 295, 304-05 (Tex. Crim. App. 2008). Monk's due-process complaint stemmed from his Sixth Amendment right to compulsory process and confrontation of witnesses in conjunction with Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct. *See* U.S. CONST. AMENDS. VI, XIV; TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). Rule 3.08 prohibits a lawyer from acting as an advocate if they are a "witness necessary to establish an essential fact[.]" TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a); *In re Tex. Tech. Servs., Inc.*, 476 S.W.3d 747, 750 (Tex. App. – Houston [1st Dist.] 2015, orig. proceeding).

---

[2] Though Monk mentions this statute in his motion to disqualify, he does not identify any of the statutory disqualifications that would apply in this case. He also does not contend in his response to the mandamus petition that this statute applies.

Relator contends that he satisfies the second prong of the mandamus test because Monk failed to demonstrate "actual prejudice" and did not demonstrate any "essential fact" that only Relator could testify to at trial.

However, a relator has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7. He is required to file with his petition a certified or sworn copy of every document that is material to the claim for relief, including any order complained of. *See id.* R. 52.3(l)(1)(B) (relating to necessary documents to be included in the appendix), R. 52.7(a)(1) (relating to necessary documents to be included in the record). A relator is also required to provide a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained of. *Id.* R. 52.7(a)(2). Here, Relator provided an uncertified and unsworn letter ruling that expressly states it "shall not be considered as an order[.]" Though he references statements allegedly made by Respondent at the disqualification hearing, Relator did not provide a transcript of the hearing. Furthermore, the letter ruling references "evidence admitted" that Respondent expressly considered in making his decision, which Relator did not provide to this Court.

We cannot determine from the record provided that Relator has a clear and indisputable right to the relief sought.

Because Relator failed to provide this Court with a record sufficient to establish his entitlement to relief, we deny his petition for writ of mandamus. Relator's motion for temporary relief is also denied.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  June 25, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Petition denied
Motion denied
Do not publish
OT06

